## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSÉ C. SÁNCHEZ CASTRO,**<br><br>**Plaintiff,**<br><br>        **vs.**<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR DORAL BANK, ET AL.**<br><br>**Defendants.** | **Civil No. 15-3075 (ADC)** |

### OPINION AND ORDER

Before the Court are motions to dismiss plaintiff José Sánchez Castro's ("Sánchez" or "plaintiff") claims by co-defendants Federal Deposit Insurance Corporation as receiver for Doral Bank ("FDIC"), Scotiabank, and the law firms of Martínez y Torres Law Offices, PSC ("M & T") and Vázquez and Vizcarrondo, LLP ("V & V"), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, among other defenses. **ECF Nos. 112, 113, 123, 148, 150**. Also before the Court is plaintiff's motion for partial summary judgment, **ECF No. 124**, as well as oppositions, replies and other related motions by the parties. **ECF Nos. 111, 125, 132, 139-141, 149, 155, 159, 162, 164-167, 170-171, 177, 179, 180-183, 186.** The Court has thoroughly considered all of the parties' motions and the record as a whole. For the reasons discussed below, the Court grants the motions to dismiss at **ECF Nos. 112, 113, 123, 148, 150**, denies the motion for partial summary judgment at **ECF No. 124**, and dismisses all of plaintiff's claims.

## I.    Factual and procedural background

Sánchez executed two mortgage notes ("first and second notes") in April 2004 to the order of Doral Bank ("Doral") guaranteed by first and second mortgages on his residence in Guaynabo, Puerto Rico. **ECF No. 9 ¶¶** 10, 11. Sánchez defaulted on those loans, for which in August and September 2010, Doral filed two collection and mortgage foreclosure actions before the Puerto Rico Court of First Instance, Bayamon Superior Part, which that Court consolidated ("consolidated state court cases"). **ECF No. 9 ¶¶** 12-16, 18. In February 2013, the Puerto Rico Court of First Instance issued judgment in those cases against Sánchez, and the judgment is final and unappealable, although the proceedings are still ongoing. **ECF Nos. 9 ¶** 26; **125** at 4.

During the consolidated state court cases, Sánchez learned that in April 2010, the first note had been sold to Scotiabank and the second note to BPPR, and that those co-defendants requested, and were granted, substitution as plaintiffs in that case. **Nos. 9, 12** at 3; **85-1** at 2; **86-3** at 4-5; **86-4** at 10; **86-5** at 5. The record is not clear as to the specific dates when Sánchez learned of those events, but it shows that he came into knowledge of the transfers and party substitutions during 2013-2014 while the consolidated state court cases were under consideration. *Id.*; *see also* **ECF No. 149-1.**

In February 2015, having been declared a failed bank, Doral was closed and placed under receivership with the FDIC. **ECF Nos 9 ¶** 3, **12** at 2. The FDIC was never a party in the consolidated state court cases. **ECF Nos. 9, 12**. According to Sánchez, he requested from the

FDIC, Scotiabank, and BPPR information about the dates and other facts regarding the transfers of the mortgage notes, but allegedly, said parties did not provide the requested information. **ECF Nos. 9** ¶¶ 22, 31; **12** at 2-3. Sánchez then filed a claim before the FDIC as Receiver of Doral, wherein he alleged that "Doral had engaged in making fraudulent statements in its collection effort against him." **ECF Nos. 86** at 3; *see also* **9** ¶ 8. On October 15, 2015, the FDIC issued a notice of disallowance of claim, stating it "is not the responsibility of the Receiver. The loan in question . . . is owned by third-party investor, not owned by the Receiver. The successor servicer is Scotiabank. Please contact Scotiabank to resolve this matter." **ECF Nos. 86-6** at 1; **9** ¶ 8

In light of the FDIC's administrative ruling, plaintiff filed the instant federal court claim on December 14, 2015, **ECF No. 1**, amended soon thereafter ("amended complaint"), **ECF No. 9**, invoking the Court's subject matter jurisdiction pursuant to 12 U.S.C. § 1821(d)(6) as to suits arising from the disallowance of a claim by the FDIC. **ECF No. 9** ¶ 8. In essence, the amended complaint entails a tort claim under Puerto Rico's Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802"), against the FDIC as Receiver of Doral, BPPR, Scotiabank, and two law firms that provided legal services to Doral in the consolidated state court cases—M & V and V & V. **ECF No. 9** ¶¶ 22-26, 29, 31, 33-34; *see also* **ECF No. 40** at 4-6. Sánchez's core allegations are that

> Doral, and the FDIC as receiver of Doral, Scotiabank and BPPR, and their respective attorneys, did not inform Sánchez Castro of the assignment/transfer of ownership of the Notes, in the event one or both of them were assigned during the course of the foreclosure litigation, preventing him from extinguishing both of the

Notes [as a litigated credit under P.R. Laws Ann. tit. 31, § 3950[1]] and disposing of his real property . . . In the alternative, if at the time the foreclosure complaints were filed Doral was not the owner and holder in due course of one or both notes, then Doral had no standing to file one or both complaints . . . Doral and the FDIC as receiver of Doral, and its attorneys, Martínez & Torrez and Vázquez & Vizcarrondo, incurred in perjury or inducement of perjury and filed a complaint without standing to do so.

**ECF No. 9** at ¶¶ 31, 32; *see also id.* at ¶¶ 22-26, 29, 31, 33-34.

On January 2016, plaintiff removed to this Court the consolidated state court cases, which BPPR opposed and requested remand. **ECF Nos. 12**, **85**, **85-1** at 3. Another Judge of this Court granted BPPR's request for remand "because defendant Sánchez has failed to carry his burden of showing that original – and not merely supplemental – subject matter jurisdiction lies in the federal courts" regarding the consolidated state court cases. *See Scotiabank et al. v. José Sánchez-Castro*, Civ. No. 16-1026, 2017 WL 56893 (D.P.R., January 12, 2017) (Besosa, J.). **ECF No. 85-1** at 8-9. Accordingly, the consolidated state court cases were remanded back to the Puerto Rico Court of First Instance, Bayamón Superior Part. *Id.*

On March 2016, BPPR filed a motion to dismiss plaintiff's amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Rules 12(b)(1) and 12 (b)(6)") for lack of jurisdiction and failure to state a claim, which the Court granted on March 31, 2017. **ECF Nos. 35, 106**. The Opinion and Order granting BPPR's motion to dismiss ("O & O") is hereby

---

[1] P.R. Laws Ann. tit. 31, § 3950 ("Article 1535" as referred to by plaintiff for its numbering in the Spanish Civil Code. It is Article 1425 in the Puerto Rico Civil Code. *See* annotation at *id.*).

incorporated by reference in its entirety, although some parts of the same are reprised herein for the sake of clarity. **ECF No. 106.** In essence, the Court held that it lacks original federal jurisdiction as to plaintiff's claim against BPPR, and that the case's circumstances weigh against its exercise of supplemental jurisdiction as to the same. *Id*.

The Court held as well that plaintiff's allegations in the amended complaint fail to state a plausible cause of action for which relief can be granted against BPPR, and that plaintiff's arguments in his supplemental opposition to BPPR's motion to dismiss were unavailing in relation to his deficient allegations against BPPR. *Id*. at 12-15; **ECF No. 90**. Specifically, the Court held that Sánchez's supplemental opposition motion entailed a tacit request to supplement the amended complaint by bringing forth for the first time a claim against BPPR of joint liability with other co-defendants in the pursuit of allegedly wrongful mortgage foreclosure claims based on perjured statements. **ECF No. 106** at 16. The Court denied plaintiff's tacit request to amend the complaint due to non-compliance with Fed. R. Civ. P. 15, lack of due diligence, and considerable tardiness without any cause shown. *Id.* at 12-15.

In the wake of the Court's dismissal of BPPR's claim and order to show cause of March 2017, Sánchez filed a motion in compliance with the Court's order and seeking reconsideration of the O & O, to which BPPR opposed. **ECF Nos. 111, 117**. Furthermore, the other co-defendants filed their own motions to dismiss for lack of jurisdiction and failure to state a claim under Rules 12(b)(1) and 12(b)(6), to which plaintiff opposed. **ECF Nos. 112-113, 123, 132, 148, 150, 179-181.**

Additionally, plaintiff filed a motion for partial summary judgment, wherein he alleges and

prays, in essence, as follows:

> [T]he foreclosure actions filed by Doral in the state court, and the judgment issued
> in the consolidated action, are null and void, because Doral did not have standing
> to file either case, and [p]laintiff can seek a declaration of nullity in a separate
> action. Therefore, [p]laintiff prays that this court declares the actions and judgment
> for foreclosure null and void and continues the case for damages caused by (i)
> Doral, represented by the FDIC as its Receiver, for filing the complaint without
> standing; (ii) by M & T, and V&V, because they knew or should have known, that
> Doral did not have standing to file the complaint; and (iii) by Scotiabank and Banco
> Popular, for (a) refusing to inform [p]laintiff about the assignment/transfer of the
> notes; (b) letting Doral file the complaints in Doral's name, and thus without
> standing, and (c) hiding from the [C]ourt that they were owners of the Note when
> the actions were filed by Doral.

**ECF No. 124** at 13-14. The co-defendants filed oppositions to Sánchez's motion for partial

summary judgment, all of them contending the Court's lack of jurisdiction to consider the claims

raised by Sánchez, among other arguments. **ECF Nos. 139, 155, 159, 177**.

In August and September 2017, plaintiff filed informative motions conveying that the

mortgage loan object of the consolidated state court cases that had been owned and serviced by

Scotiabank had a new servicer and a new owner—Franklin Credit Management Corp.

("Franklin") and Bosco Credit VIII, LLC, ("Bosco") respectively. **ECF Nos. 162, 165**. Sánchez also

asserted his intention to redeem the litigated credit under P.R. Laws Ann. tit. 31, § 3950, from

the new owner, for which he sent Franklin and Bosco letters to that effect, and requested the

Court to "[o]rder Scotiabank to inform the price paid by Franklin or the new owner of the loan

for such credit," including all evidence related to pertinent computations. **ECF No. 162** at 2; *see*

*also* **ECF No. 165** at 2. Thereafter, Sánchez filed various motions that have since been adjudicated by the Court involving discovery issues related to the recent factual developments.[2]

In February 2017, Sánchez filed a motion seeking leave to file a second amended complaint in order to include Franklin and Bosco as co-defendants. **ECF No. 186**. Specifically, he contends that he wishes "to join Bosco in this case as new owner of the mortgage note, allege that Scotiabank has sold the [f]irst [n]ote . . . to Bosco and allege that [p]laintiff intends to redeem the litigated credit and has an offer to purchase the mortgaged property." *Id*. at 2. A review of the proposed second amended complaint confirms that it is identical to the first amended complaint in every other way. *Id*.; **ECF No. 9**. Plaintiff's request is adjudicated herein.

On February 2018, Sánchez and BPPR filed a joint motion for voluntary dismissal with prejudice regarding the instant case. **ECF No. 192**. Accordingly, the Court issued judgment dismissing the present case in its entirety as to BPPR, mooting Sánchez's prior request for reconsideration of its O & O as to dismissal in favor of BPPR. **ECF Nos. 111, 193, 194**. Moreover,

---

[2] *See* **ECF Nos. 162-167, 170-171, 175-176, 178, 182-185, 188-191, 195-197**. The parties have conducted extensive discovery in this case, spanning from May 2015 until February 2018. *See* **ECF Nos. 65-191**. Moreover, as stated in the minutes of the most recent status/settlement conference, presided by U.S. Magistrate Judge Bruce J. McGiverin, "[p]laintiff informs that once he receives the information about the new owner of the loan, and value paid, plaintiff will consider the feasibility of requesting to redeem the liquidated credit from that entity, which, if successful, would resolve this case. To this end, plaintiff shall file an informative motion as to any such request to redeem from the new owner by 2/26/18." **ECF No. 178**. Nonetheless, the case's record indicates that plaintiff's attempts in that regard have not been fruitful thus far, and that he wishes to continue to pursue the case's claims against the co-defendants as well as the possibility of redemption of the litigated credit from Bosco. *Id*. *See also* **ECF Nos. 182, 186, 191**.

the instant Opinion and Order adjudicates Sánchez's claims against the rest of the co-defendants.

## II.    Standard of review

### A) Considerations as to the applicable standard of review in relation to the dispositive motions at hand

As summarized above, Sánchez brings forth in his amended complaint two causes of action. The first one is a tort-damage claim against all co-defendants for allegedly failing to inform him of the transfer of ownership of the mortgage notes that are object of the consolidated state court cases, thus allegedly precluding him from the chance to redeem the mortgage notes as litigated credits under P.R. Laws Ann. tit. 31, § 3950. **ECF No. 9** ¶¶ 31, 32; *see also id.* at 22-26, 29, 31, 33-34. In their motions to dismiss, all of the co-defendants argued that Sánchez fails to state a claim in his amended complaint upon which relief can be granted under Rule 12(b)(6) as to the first cause of action. **ECF Nos. 112** at 2, **113** at 13-15; **123** at 4-9; **148** at 2-5, **150**. Accordingly, the Court will adjudicate jointly the motions to dismiss at hand in relation to the first cause of action under the standards applicable to Rule 12(b)(6).

Plaintiff's second cause of action, which is the object of his motion for partial summary judgment, is a claim against the FDIC (as receiver of Doral), Scotiabank and the law firms of V & V and M & T for allegedly false and perjured representations by Doral officials in the consolidated state court cases, Doral's lack of standing to file those cases, and related tort damages. **ECF Nos. 9** at ¶¶ 22-26, 29, 31-34; **124**. Based on that, he requests that this Court declare

null and void the related judgment issued by the Puerto Rico Court of First Instance, and to award him related tort damages. **ECF No. 124**. In response to Sánchez's motion for summary judgment, all co-defendants filed oppositions in which they raised the defense of lack of subject matter jurisdiction to entertain plaintiff's second cause of action. **ECF Nos. 139** at 6-16; **155** at 3-8; **159** at 7-9; **177** at 4-6. In some cases, the jurisdictional argument as to plaintiff's second cause of action had been raised as well by co-defendants in their motions to dismiss under Rule 12(b)(1) and 12(b)(6). *See* **ECF Nos. 113** at 8-12; **123** at 5-9; **150**.

As discussed below, upon review of the parties' filings and the record as a whole, the Court finds that the threshold issue of subject matter jurisdiction is wholly dispositive of plaintiff's second cause of action. As the First Circuit Court of Appeals has stated, "federal courts are not at liberty to overlook limitations on their subject matter jurisdiction." *A.M. Francis v. Goodman*, 81 F.3d 5, 8 (1st Cir. 1996). Thus, "if the Court determines, as a threshold matter, that subject matter jurisdiction does not exist, it must dismiss the case and not make any determination on the merits of the same." *Ménendez v. U.S.*, 67 F. Supp. 2d 42, 45 (D.P.R. 1999). Accordingly, the Court will adjudicate jointly under Rule 12(b)(1) standards plaintiff's partial summary judgment motion and all of the co-defendants' related opposition filings.

### B) Motions to dismiss under Rules 12(b)(1) and (6)

Federal courts are courts of limited jurisdiction. *Destek Grp. v. State of N.H. Pub. Utils. Comm'n*, 318 F.3d 32, 38 (1st Cir. 2003). "Because federal courts are courts of limited jurisdiction,

federal jurisdiction is never presumed." *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Thus, the party asserting jurisdiction bears the burden of showing the existence of federal jurisdiction. *Id*. (citing *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)).

"The proper vehicle for challenging a court's subject-matter jurisdiction is under Federal Rule of Civil Procedure 12(b)(1). This rule is a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001). Motions to dismiss brought under Rule 12(b)(1) are subject to a similar standard as motions brought pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). *See Negrón-Gaztambide v. Hernández-Torres*, 35 F.3d 25, 27 (1st Cir. 1994). That is, when considering Rule 12(b)(1) and Rule 12(b)(6) motions, the Court credits the plaintiff's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (citing *Hosp. Bella Vista*, 254 F.3d at 363). "The general rules of pleading require 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 49 (1st Cir. 2009) (quoting Fed. R. Civ. P. 8(a)(2)).

In adjudicating a motion to dismiss under Rule 12(b)(1), the Court shall grant the same if upon "accept[ing] plaintiff's version of jurisdictionally-significant facts as true," it deems that plaintiff has failed to propound an adequate base for subject-matter jurisdiction. *Hosp. Bella Vista*,

254 F.3d at 363. Further, the court may "take into consideration 'extra-pleading material'" to reach its decision. *Wojciechowicz v. United States*, 530 F. Supp.2d 421, 424 (D.P.R. 2007) (quoting 5B Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure §1350, at 213 (2d ed. 1990)).

"[I]f the Court determines, as a threshold matter, that subject matter jurisdiction does not exist, it must dismiss the case and not make any determination of the merits of the case." *Menéndez v. U.S.*, 67 F. Supp.2d 42, 45 (D.P.R. 1999). Moreover, in a case where the Court determines that it lacks subject matter jurisdiction under Rule 12(b)(1), "it shall not delve into defendant's alternate grounds for dismissal pursuant to Rule 12(b)(6)" if such an alternative argument is presented. *Id*. at 47 n.2.

### III.    Discussion

**A) Sánchez lacks an actionable tort claim against the FDIC (as receiver of Doral), Scotiabank, V & V, and M & T for alleged violation of his right to extinguish a litigious credit under Puerto Rico law**.

In its O & O dated March 31, 2017, the Court held that Sánchez had failed to meet his burden under Rule 12(b)(6) to establish a plausible claim upon which relief could be granted against BPPR. **ECF No. 106** at 9-12. Specifically, the Court concluded that since BPPR had acquired the mortgage note in question prior to Doral's filing of the collection and mortgage foreclosure case before the Puerto Rico Court of First Instance related to that note, plaintiff's

alleged right to redeem the note in question from BPPR as a litigious credit is non-existent under

P.R. Laws Ann. tit. 31,

§ 3950. *Id*. at 11. "Moreover, insofar as plaintiff's tort claim under Article 1802 against BPPR is

predicated on the alleged damages caused by the supposed deprivation of his right to extinguish

a litigious credit, the non-existence of the litigious credit in question renders plaintiff's tort claim

against BPPR null, lacking any basis in fact or law." *Id*. at 11-12. Furthermore, the Court ordered

plaintiff to show cause as to why it should not dismiss the claim against Scotiabank based on

the same grounds. *Id*. at. 17.

Having considered plaintiff's and the co-defendants' motions regarding this issue, the

Court concludes that Sánchez lacks an actionable claim against Scotiabank, the FDIC (as receiver

of Doral), V & V, and M & T for alleged violation of his right to extinguish a litigious credit and

related tort damages under Puerto Rico law. *See* **ECF Nos. 112-113, 123, 132, 148, 150, 179-181.**

Sánchez has failed once again to meet his burden under Rule 12(b)(6) to establish a plausible

claim in that regard.

Specifically, as with the mortgage note acquired by BPPR, plaintiff alleges to have

discovered that Scotiabank had acquired the other mortgage note that is at issue in the

consolidated state court cases prior to Doral's filing of those law suits. **ECF Nos. 9, 12** at 3; **85-1**

at 2; **86-3** at 4-5; **86-4** at 10; **86-5** at 5; **149-1**. Thus, as held in relation to the note acquired from

BPPR, Sánchez's right of redemption of the note acquired by Scotiabank as a litigated credit

under P.R. Laws Ann. tit. 31, § 3950, is non-existent. *See* **ECF No. 106** at 4; *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Sánchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009); *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009). In fact, as discussed below, plaintiff's motion for partial summary judgment regarding his second cause of action is premised on the same fact that proves fatal to his first cause of action—that both BPPR and Scotiabank had acquired the mortgage notes in question prior to Doral's filing of the consolidated state court cases. **ECF No. 124**. Moreover, inasmuch as Sánchez's tort claims against V & V and M & T regarding the alleged litigated credit in question are contingent on those against BPPR and Scotiabank, the Court hereby **GRANTS** all co-defendants' motions to dismiss regarding Sánchez's tort claim against them as to rights of redemption of litigated credits under P.R. Laws Ann. tit. 31, § 3950, for lack of an actionable claim regarding those alleged rights.[3] **ECF Nos. 112**, **113**, **123**, **148.**

   B) **The Court lacks subject matter jurisdiction to adjudicate the merits of the claim of lack of standing, nullity of judgment, and related tort damages regarding the consolidated state court cases.**

As summarized above, in his motion for partial summary judgment, Sánchez contends that "the sworn statements submitted by Doral [in the consolidated state court cases] were not true and Doral did not have standing to file the complaints in the state court, when the true owners of the Notes were Scotiabank and Banco Popular." **ECF No. 124** at 3. Accordingly, he requests

---

[3] The Court's decision regarding plaintiff's first cause of action is based on the grounds discussed above insofar as those proved to be dispositive. *See* **ECF Nos. 112** at 2, **113** at 13-15; **123** at 4-9; **148** at 2-5, **150**. Thus, the Court did not consider other arguments raised by the co-defendants in their motions to dismiss as to the first cause of action.

the Court to declare as null and void the Puerto Rico Court of First Instance's judgment against him in the consolidated state court cases, and to award him damages for the co-defendants' allegedly tortious acts that led to the foreclosure judgment being challenged. *Id*. at 13-14. The FDIC, Scotiabank, V & V and M & T filed oppositions to Sánchez's motion for partial summary judgment, all of them asserting, under multiple arguments, that the Court lacks subject matter jurisdiction to adjudicate his cause of action of alleged lack of standing to sue, nullity of the Puerto Rico Court of First Instance's judgment, and related tort damages. **ECF Nos. 139** at 6-16; **155** at 3-8; **159** at 7-9; **177** at 2, 4-6.

Pursuant to the applicable section of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), when the FDIC as receiver of a failed bank disallows a claim, the claimant has two options: either to file a law suit before the corresponding federal court or seek administrative review of the claim's disallowance. 12 U.S.C.A. § 1821(d)(6). Sánchez chose the former option, for which he filed the instant complaint before the Court. **ECF No. 1**. Sánchez asserts that 12 U.S.C.A. § 1821(d)(6) "confers exclusive federal jurisdiction over claims against failed banks under the FDIC's Receivership[ ] which have been disallowed by the FDIC[,]" and as such, is sufficient to establish federal jurisdiction in this case. **ECF No. 179** at 2-3; *see also* **ECF No**. **124** at 7-10. However, the Court finds Sánchez's interpretation of 12 U.S.C.A. § 1821(d)(6) to be overly narrow. In other words, plaintiff was clearly entitled to file the instant complaint before this Court pursuant to 12 U.S.C.A. § 1821(d)(6)(A)(ii) insofar as it resulted from

the FDIC's disallowance of his claim. Nonetheless, that in itself does not result in this Court being obligated to adjudicate plaintiff's claims on the merits if it deems that under other legal provisions or doctrines, it cannot, or should not, do so. In fact, as held by a sister District Court in the First Circuit, "[t]he statutory structure and the generally accepted principles of federal-state comity suggest . . . that while Congress may have wanted to impose a national and uniform body of law with its enactment of FIRREA, it was not as concerned with development of that body of law in the federal courts alone." *Mill Investments, Inc., v. Brooks Woolen Co., Inc.*, 797 F. Supp. 49, 55 n. 6 (D. Me. 1992). In that respect, FIRREA provides that in any case filed in state court in which the FDIC is a party in any capacity, "when there exists a federal claim or defense, removal by the FDIC to federal court is discretionary rather than mandatory, indicating that Congress did not find a federal forum imperative to achieve its aims." *Id*. at 54; *see* 12 U.S.C. § 1819(b)(2)(B). Moreover, while as a general rule under FIRREA, all civil claims in which the FDIC is a party are deemed to arise under the laws of the United States, the statute expressly provides the following exception:

> **D) State actions**
> Except as provided in subparagraph (E), any action—
> **(i)** to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
> **(ii)** which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and
> **(iii)** in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

### (E) Rule of construction
Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court.

12 U.S.C. § 1819(b)(2)(B). The provision quoted above is known as the state-law exception to FIRREA's general rule of subject-matter jurisdiction regarding claims in which the FDIC is a party ("state-law exception"). *See La Fosse v. FDIC*, 155 F. Supp.3d 144 (D.P.R. 2015). In *La Fosse*, a mortgagor's property was foreclosed by Doral pursuant to a judgment of the Puerto Rico Court of First Instance. *Id*. at 144-145. La Fosse brought a subsequent law suit against Doral before that same court, seeking that the mortgage foreclosure judgment be vacated in light of Doral's alleged lack of standing to foreclose. *Id*. The FDIC removed the case to the Puerto Rico District Court, whereupon another Judge of this District Court ordered the case's remand for lack of subject matter jurisdiction to entertain the claim under the state-law exception. *Id*. The Court held that all three prongs under 12 U.S.C. § 1819(b)(2)(B) had been met, and emphasized that "[w]hether plaintiffs may collaterally attack the final judgment of a Puerto Rico Court on standing grounds involves the interpretation of only Puerto Rico law." *Id*. at 146 (citing *Lundborg v. Phoenix Leasing*, 91 F.3d 265, 271 (1st Cir. 1996); *De J. Cordero v. Prensa Insular de Puerto Rico, Inc.,* 169 F.2d 229, 232-33 (1st Cir. 1948)). As such, "it fell under the jurisdictional exception for state-law actions" over which the federal court lacked subject matter jurisdiction, prompting the case's remand back to the Puerto Rico Court of First Instance. *La Fosse,* 155 F. Supp.3d at 146.

Similarly, in *FDIC v. Martínez Luna*, the plaintiff removed from the Puerto Rico Court of First Instance to this District Court a counterclaim in a mortgage foreclosure case filed originally by Doral. 2015 WL 7871171 *1; 15-cv-1689 (D.P.R., December 4, 2015) (Fuste, J.). The original foreclosure action remained in the Puerto Rico Court of First Instance, and the defendant alleged in the removed counterclaim that Doral did not have legal standing to claim the collection action of the original promissory note because Doral was not the note's holder by endorsement. *Id*. The District Court remanded the counterclaim under the state-law exception pursuant to 12 U.S.C. § 1819(b)(2)(B), among other related considerations. *Id*. at *4-5.

Here, according to Sánchez, the state-law exception is inapplicable to the instant case. **ECF No. 179** at 2-3; *see also* **ECF No**. **124** at 7-10. He deems that the state-law exception applies only to cases that are originally filed before a state court and then improperly removed to federal court pursuant to 12 U.S.C. § 1819(b)(2)(B). In that sense, Sánchez distinguishes the instant case as one filed originally before this Court upon the FDIC's disallowance of his administrative claim and, as such, a case to which this Court has subject matter jurisdiction to adjudicate on the merits by virtue of 12 U.S.C. § 1821(d)(6)(A)(ii). The Court rejects plaintiff's interpretation of the state-law exception, under which the filing of a law suit before this Court resulting from the disallowance of a claim by the FDIC would automatically "federalize" all causes of action included in the complaint, regardless of their nature. In the instant case, the three prongs of the state-law exception are clearly applicable regarding both causes of action: (i) the FDIC is a party

as co-defendant; (ii) the claim involves alleged rights by Sánchez against Doral that arose prior to that bank's closing; and (iii) the adjudication of the claims at hand entail Puerto Rico law only.

In light of the above, the Court concludes that it does not have subject-matter jurisdiction over the case because it falls under the jurisdictional exception for state-law actions pursuant to 12 U.S.C. § 1819(b)(2)(D). And "[e]ven if that exception did not apply, the [C]ourt also lacks subject-matter jurisdiction under the *Rooker–Feldman* doctrine." *La Fosse,* 155 F. Supp.3d at 146. Under that doctrine, "federal district courts lack jurisdiction over federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments." *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 24 (1st Cir. 2005) (citing *Exxon Mobil v. Saudi Basic Industries Corp.*, 544 U.S. 280, 282 (2005)); *see also Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 663 (1st Cir.2010). Federal courts have consistently held that a collateral attack on a judgment of foreclosure is barred by the Rooker-Feldman doctrine.[4]

For the Rooker-Feldman doctrine to preclude federal jurisdiction, the state court proceedings must have ended, and four requirements must be met: "(1) the [federal] complaint [ ] must be brought by the losing party in state court; (2) the federal plaintiff complains of injuries

---

[4] *See, e.g., La Fosse v. Federal Deposit Insurance Corporation*, 155 F. Supp. 3d 144 (D.P.R. 2015); *Barretta v. Wells Fargo Bank, N.A.*, 2017 WL 2392472, at *2 (2d Cir. 2017); *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017), petition for certiorari filed (U.S. June 27, 2017); *Easley v. New Century Mortg. Corp.*, 394 Fed. Appx. 946, 948 (3d Cir. 2010); *Ford v. U.S. Dept. of Treasury I.R.S.*, 50 Fed. Appx. 490 (2d Cir. 2002); *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1322–24 (S.D. Fla. 2011), aff'd, 477 Fed. Appx. 558 (11th Cir. 2012); *Kesten v. Eastern Sav. Bank*, 2009 WL 303327, at *1 n. 2 (E.D.N.Y. 2009).

caused by state court judgments; (3) the state court judgment must be rendered before the district court proceedings have started; and (4) the federal plaintiff must request that the district court review and reject the state court judgment." *Arroyo v. FDIC*, 961 F. Supp. 2d 386, 391 (D.P.R. 2013); *see Exxon Mobil*, 544 U.S. at 291-292. Under First Circuit case law, a Puerto Rico Court of First Instance judgment that is final and unappealable is one that meets the requirements under the Rooker-Feldman doctrine as to sufficient finality of the related state-court case for the doctrine to be applicable, even if the case continues after issuance of the final judgment. *See Federación de Maestros de P.R.*, 410 F.3d at 27-28.[5]

In the instant case, the Court holds that all of the requirements under the Rooker-Feldman doctrine are clearly met. First, as alleged by Sánchez, the Puerto Rico Court of First Instance issued judgment against him in the consolidated state court cases, and that judgment is final and unappealable. **ECF No. 9** at ¶26; **125** at 4. Second, the instant complaint is for tort damages and declaratory relief for the alleged wrongdoings committed against Sánchez in the consolidated state court cases, whereupon his residence was foreclosed and he alleges to have been wrongfully precluded from exercising his right to redeem the mortgage notes as litigated credits under P.R. Laws Ann. tit. 31, § 3950. Third, the judgement in the consolidated state court cases was issued by the Puerto Rico Court of First Instance in February 2013, while the instant

---

[5]  In *Federacion de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, the First Circuit held that the District of Puerto Rico lacked subject-matter jurisdiction under the Rooker-Feldman doctrine as to a federal law suit for declaratory relief by the losing party of an interlocutory appeal that had been filed in an ongoing case before the Puerto Rico Court of First Instance. 410 F.3d 17 (1st Cir. 2005).

complaint was filed in December 2015. Fourth, Sánchez's second cause of action seeks from this

Court to rule that Doral lacked standing to sue him in the consolidated state court cases, to

declare as null and void the Puerto Rico Court of First Instance's judgment, and to award related

tort damages against the co-defendants in the instant case.

In sum, the Court **DENIES** plaintiff's motion for partial summary judgment, which as

discussed above, is being adjudicated under Fed. R. Civ. P. 12(b)(1) standards because of the

threshold jurisdictional consideration that is dispositive of the same. **ECF No. 124**. That is, even

accepting as true plaintiff's jurisdictionally significant facts as to his second cause of action, its

dismissal is warranted as a matter of law for lack of subject matter jurisdiction pursuant to the

state-law exception under FIRREA, and alternatively, under the Rooker-Feldman doctrine.[6]

Consequently, plaintiff's second cause of action—seeking declaratory relief for Doral's lack of

---

[6] *See also* the Court's previous Opinion and Order at **ECF No. 106** at 11 n.2. In the context of its adjudication of BPPR's motion to dismiss, the Court forewarned that "[t]he issue as to whether or not Doral had standing to foreclose when it filed the consolidated state court foreclosure actions is not an attack that may be brought before this Court to contest the judgment issued against plaintiff by the Puerto Rico Court of First Instance." *Id*. Even if neither the state-law exception nor the Rooker-Feldman doctrine applied in this case,

> the use of declaratory relief to interfere with ongoing state-court litigation is highly improper. *See Wilton* v. *Seven Falls Co.*, 515 U.S. 277, 282 (1995) (reaffirming that "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties") (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) (dismissing declaratory action in favor of pending state proceeding)); *see also Rossi v. Gemma* 489 F.3d 26, 34-37 (1st Cir. 2007) (reviewing abstention doctrine's instruction to not interfere with ongoing state-court litigation through declaratory relief).

*Fed. Deposit Ins. Corp. v. Martínez-Luna*, 2015 WL 7871171, at *5, 15-cv-1689 (JAF) (D.P.R. Dec. 4, 2015).

standing to sue in the consolidated state court cases, nullity of judgment in the same, and related tort damages under Puerto Rico law—is hereby **DISMISSED WITHOUT PREJUDICE**.

Finally, in light of all of the above, Sánchez's request to further amend the complaint in order to add Bosco and Franklin as co-defendants is hereby **DENIED**. **ECF No. 186.** Bosco and Franklin are the new owner and servicer, respectively, of the mortgage note that had been owned and serviced by co-defendant Scotiabank, against whom Sánchez avers he wishes to redeem the related litigated credit from. **ECF Nos. 162, 165**. However, this Opinion and Order is dispositive of plaintiff's claims against all co-defendants who are currently parties to this case. Adding the proposed new co-defendants would in no way change the Court's holdings as to the current co-defendants. Furthermore, as discussed above, another Judge of this Court remanded the consolidated state court cases that plaintiff had removed improperly when he tried to have them incorporated with the instant case. **ECF Nos. 12, 85-1** at 3, 8-9; *Sánchez-Castro*, 2017 WL 56893 (D.P.R., January 12, 2017) (Besosa, J.). Thus, the consolidated state court cases are again before the Puerto Rico Court of First Instance and are still ongoing, notwithstanding the final and unappealable mortgage foreclosure judgment issued by the Puerto Rico Court of First Instance in February 2013. **ECF Nos. 9** ¶¶ 19, 26; **12**; **85-1** at 3. Consequently, the Court deems that if Sánchez's extrajudicial efforts with Franklin and Bosco to exercise his alleged right of

redemption of a litigated credit are not successful, the proper forum for plaintiff to raise such a

claim would be the Puerto Rico Court of First Instance, not this Court.[7]

**IV. Conclusion**

In light of all of the above:

(i)      The motions to dismiss by co-defendants Federal Deposit Insurance Corporation

as receiver for Doral Bank, Scotiabank, and the law firms of Martínez y Torres Law

Offices, PSC, and Vázquez and Vizcarrondo, LLP, at **ECF Nos. 112, 113, 123, 148,**

**150** are hereby **GRANTED** as to plaintiff's claim for alleged violation of his right

to extinguish a litigious credit under P.R. Laws Ann. tit. 31, § 3950 and related tort

damages for lack of an actionable claim pursuant to Rule 12(b)(6). Accordingly,

the aforementioned cause of action is hereby **DISMISSED WITH PREJUDICE** as

to the co-defendants mentioned above.

(ii)     Plaintiff's motion for partial summary judgment at **ECF No. 124** is hereby

**DENIED**, and plaintiff's claim under Puerto Rico law for declaratory relief due to

Doral's alleged lack of standing to sue in the consolidated state court cases, the

alleged nullity of the judgment issued by the Puerto Rico Court of First Instance

in the consolidated state court cases, and the alleged related tort damages caused

---

[7] *See* the Court's discussion in its previous O & O as to how the case's circumstances weigh against the Court's adjudication of plaintiff's claims under Puerto Rico law and are closely related to the consolidated state court cases. **ECF No. 106** at 16-17.

by all co-defendants is hereby **DISMISSED WITHOUT PREJUDICE** as to co-defendants Federal Deposit Insurance Corporation as receiver for Doral Bank, Scotiabank, and the law firms of Martínez y Torres Law Offices, PSC, and Vázquez and Vizcarrondo, LLP.

(iii)    Plaintiff's motion to amend the first amended complaint, **ECF No. 186**, is hereby **DENIED**.

(iv)    Plaintiff's motion in compliance with the Court's Order, **ECF Nos. 111,** is **MOOT**.

Finally, given that this Order disposes of all the pending motions and the case's claims,[8] **the Clerk of the Court shall issue judgment** in accordance with all of the above.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th of March, 2018.

                                   **S/AIDA M. DELGADO-COLÓN**
                                   **Chief United States District Judge**

---

[8] As discussed herein, the Court has already issued judgment dismissing the instant case with prejudice as to co-defendant BPPR. **ECF No. 194**.